UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KELLY L. HANNA

    Plaintiff,

v.

KILOLO KIJAKAZI, *Acting Commissioner of the Social Security Administration*,

    Defendant.

**REPORT AND RECOMMENDATION**
21-CV-5543

---

**BULSARA, United States Magistrate Judge:**

On October 6, 2021, Plaintiff Kelly Hanna commenced this action seeking Social Security Disability Benefits. (Aff. of Charles E. Binder ("Binder Aff."), Dkt. No. 26 ¶ 3). The litigation challenged a 2020 Social Security ALJ determination that Hanna was not disabled. (*Id.* ¶¶ 1, 3). Judge Komittee remanded the case to the ALJ on May 16, 2022, (Stip. & Order for Remand dated May 17, 2022, Dkt. No. 15), and as a result of this successful result, also awarded Hanna attorney's fees—pursuant to the Equal Access to Justice Act ("EAJA")—of $6,667.39.[1] (Order dated Nov. 28, 2022, Dkt. No. 23). On remand, the ALJ subsequently found that Hanna was disabled and awarded her past due benefits. (Binder Aff. ¶ 5). A Notice of Award was issued on January 23, 2023. (Not. of Award dated Jan. 23, 2023 ("Not. of Award"), attached as Ex. C to Binder Aff., Dkt. No. 26-1). On July 18, 2023, Hanna's counsel filed a request for fees of $21,088.75, which is 25% of the total past due benefits awarded, (*id.*; Mem. of Law in Supp. of Pl.'s

---

[1] The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses, . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Mot. for Att'y's Fees, Dkt. No. 25 at 2–3), based upon 30.6 hours of work. (Binder Aff. ¶¶ 7, 9; Contemp. Fed. Ct. Hours ("Att'y's Fee Hours"), attached as Ex. B to Binder Aff., Dkt. No 26-1). For the reasons stated herein, the Court recommends that the requested fee be granted.

"[42 U.S.C.] § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Section 406(b) "authorizes a court that enters a judgment favorable to a social security claimant to award, 'as part of its judgment,' a reasonable fee for counsel's representation before the court, not to exceed 25% of the total past-due benefits to which the claimant is entitled 'by reason of such judgment.'" *Sinkler v. Berryhill*, 932 F.3d 83, 86 (2d Cir. 2019) (quoting 42 U.S.C. § 406(b)(1)(A)). The subsection also permits the withholding of past-due benefits to pay the attorney's fee award. *Culbertson*, 139 S. Ct. at 520. The fee award is ultimately entered as part of the district court's judgment. *Sinkler*, 932 F.3d at 86. Here, Hanna's counsel seeks fees for work done in federal court, and the analysis therefore follows pursuant to § 406(b). (*See* Att'y's Fee Hours).

"[A] court's determination of . . . fees requested under section 406(b) should 'begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable.'" *Devenish v. Astrue*, 85 F. Supp. 3d 634, 636 (E.D.N.Y. 2015) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). In determining whether the fee is reasonable, the "court should consider: (i) 'whether the contingency percentage is within the 25% cap'; ([ii]) 'whether there has been fraud or overreaching in making the agreement'; and (iii) 'whether the requested amount is so large as to be a windfall to the attorney.'" *Id.*

2

(quoting *Wells*, 907 F.2d at 371); *see also Diberardino v. Comm'r of Soc. Sec.*, No. 17-CV-2868, 2020 WL 6746828, at *3 (E.D.N.Y. Nov. 17, 2020) (same).

The fee sought is within the 25% cap, is not the result of fraud, and is not a windfall, in light of the success achieved by counsel, which enabled Hanna to receive past-due benefits as well as future benefits,[2] and was done pursuant to an effective hourly rate of $689 per hour.[3] The Court has also considered the factors directed by the Circuit in evaluating a fee—*see Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022)—and finds that the result achieved by experienced counsel in this case is an efficient one and

---

[2] Because the fee sought falls under the 25% cap and "no allegations of fraud or overreaching with respect to the fee agreement" have been made, "the only question is whether a fee of $[21,088.75] would result in a windfall." *Diberardino*, 2020 WL 6746828, at *3; *see also Mills v. Berryhill*, No. 15-CV-5502, 2019 WL 1507923, at *2 (E.D.N.Y. Apr. 5, 2019) (same).

> Courts in this circuit have identified several relevant considerations in determining whether a requested award of attorney's fees would constitute a windfall: (1) whether the attorney's efforts were particularly successful for the plaintiff; (2) whether the effort expended by the attorney is demonstrated through non-boilerplate pleadings and arguments that involved both real issues of material fact and required legal research; and (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Williams v. Comm'r of Soc. Sec.*, No. 18-CV-4734, 2021 WL 4480536, at *4 (E.D.N.Y. Sept. 30, 2021) (quotations omitted). Here, there is no indication of a windfall, because there was success, including overcoming a prior ALJ denial, which required the use of non-boilerplate pleadings; the 30.6 hours expended can hardly be considered excessive and reflects efficient use of attorney time to obtain a full reversal and ultimate victory for plaintiff. *Barbour v. Colvin*, 993 F. Supp. 2d 284, 290 (E.D.N.Y. 2014) ("District courts in this Circuit generally hold that twenty to forty hours is a reasonable expenditure of counsel time for routine social security cases." (quotations omitted)).

[3] The high rate itself does not constitute a windfall—it falls within the range of rates courts in this Circuit have approved. *See, e.g.*, *Mills*, 2019 WL 1507923, at *2 (approving an hourly rate of $1,007.78 for 37.7 hours of work) (collecting cases); *see also Batista v. Comm'r of Soc. Sec.*, No. 13-CV-4185, 2021 WL 6051569, at *2 (E.D.N.Y. Dec. 21, 2021) (permitting hourly rate of "nearly $1,400 per hour, higher than most if not all decisions in this district, but still a reasonable return on counsel's investment and the results he obtained").

3

merits the reasonable fee sought. *E.g.*, *id.*

The SSA does not dispute any of these conclusions. It only raises the question of whether the fee application was timely. (Resp. to Mot. for Att'y's Fees dated Aug. 15, 2023 ("SSA Resp."), Dkt. No. 28 at 2). There is a 14-day post-award filing period to seek attorney's fees pursuant to § 406(b). *Sinkler*, 932 F.3d at 87. The SSA says that there may be some question here about whether the fee application was timely when filed in July 2023, some months after the Notice of Award. (SSA Resp. at 2). But at the same time, it does not dispute any of the pertinent facts set forth by Hanna's counsel: the original Notice of Award did not include the information about past-due benefits or amounts withheld to pay attorney's fees; counsel made several unsuccessful attempts at obtaining the information in writing; and counsel only learned of the total past-due benefit amount and fees withheld via phone on July 10, 2023. (*Id.* & n.1 ("The undersigned Special Assistant U.S. Attorney confirmed that the only available Notice of Award letter was the January 23, 2023 letter, which contains no information regarding the total past due benefits and withheld fees."); Binder Aff. ¶¶ 11–12). And the fee application was filed eight days later. These facts, which the SSA does not dispute, permits equitable tolling of the filing deadline. *See Sinkler*, 932 F.3d at 88 ("[P]arties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award. Once counsel receives notice of the benefits award—and, therefore, the maximum attorney's fees that may be claimed—there is no sound reason not to apply Rule 54(2)(B)'s fourteen-day limitations period to a § 406(b) filing, just as it would apply to any other final or appealable judgment."); *e.g.*, *Rodriguez v. Comm'r of Soc. Sec.*, No. 17-CV-3104, 2020 WL 3472741, at *2 (S.D.N.Y. June 24, 2020) ("After receiving the NOA on October 5, 2019, plaintiff twice sought a more definitive statement

4

of the Commissioner's calculation of plaintiff's past-due benefits. Plaintiff ultimately filed the motion for attorney's fees on December 12, 2019, ten days after sending the second letter to the Social Security Administration. The Court finds such a delay in filing the application reasonable given the circumstances.") (applying *Sinkler*) (internal citation omitted).

The Court recommends the motion for a fee award be granted: the SSA is directed to pay Hanna's counsel $21,088.75, which is the amount of the fee award and the amount withheld by the SSA. Counsel in turn is directed to pay $6,667.39 to Plaintiff, which reflects the prior amount of the EAJA fees paid to counsel.[4]

---

[4] An EAJA award "offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796 (alterations in original) (quotations omitted); *see, e.g.*, *Diberardino*, 2020 WL 6746828, at *3, *6 ("Upon receipt of this [§ 406(b)] award, [counsel] shall promptly refund Plaintiff $9,200, which represents the EAJA fees that counsel has already received."); *Weaver v. Colvin*, No. 15-CV-6559, 2021 WL 2809107, at *2 (S.D.N.Y. July 6, 2021) (granting motion for attorney's fees "provided that counsel refunds to Plaintiff the amount the Court previously awarded to counsel under the [EAJA]").

5

CONCLUSION

For the reasons explained above, it is respectfully recommended that the motion for attorney's fees be granted as detailed above.

Any objections to the Report and Recommendation above must be filed with the Clerk of Court within 14 days of receipt of this report.  Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.") (quotations omitted).

SO ORDERED.

*/s/ Sanket J. Bulsara* August 14, 2024
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

6